IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RODOLFO IBARRA MUNOZ         §
                             §
v.                           §    No. A-10-CA-960 SS
                             §
CLAUDE MAYE, Warden, FCI Bastrop §

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Rodolfo Ibarra Munoz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) with Memorandum in Support (Clerk's Doc. No. 2); Respondent's Response to Petition for Writ of Habeas Corpus (Clerk's Doc. No. 7); Petitioner's Reply to Respondent's Response (Clerk's Doc. No. 8); Respondent's Response to Petitioner's Response (Clerk's Doc. No. 9); Petitioner's Sur-Replies (Clerk's Doc. Nos. 10 and 11); and Respondent's Motion to Strike Documents Nos.10 and 11 (Clerk's Doc. No. 12).[1]

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

Rodolfo Ibarra Munoz was arrested by the Drug Enforcement Agency in St. Louis, Missouri on April 23, 2008, and charged with conspiracy to possess marijuana with intent to distribute. On

---

[1] Petitioner's Surreplies (Clerk's Doc. Nos. 10 and 11) were filed without leave of court and would ordinarily be stricken pursuant to Local Rule CV-7(e). Because Munoz raises no new issues in Documents Nos. 10 and 11, there is no need to strike the surreplies. Respondent's Motion to Strike (Clerk's Doc. No. 12) is therefore DENIED.

May 7, 2008, Munoz was indicted in the U.S. District Court for the Western District of Oklahoma for conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, and possession of over 1900 pounds of marijuana. Following the indictment, Munoz remained in custody in St. Louis until he was transferred to the custody of the United States Marshals Service (USMS) on June 5, 2008. On June 17, 2008, the District Court for the Western District of Oklahoma issued an order setting the conditions of his release, including a requirement that he maintain a residence at a halfway house or community corrections center.

Munoz remained on bond until August 24, 2009, when he was sentenced to 108 months imprisonment for interstate transportation in aid of racketeering, aiding and abetting, and using a communications facility to facilitate distribution of marijuana. Munoz surrendered to the Bureau of Prisons (BOP) to serve his federal sentence on September, 24 2009. Munoz was awarded 56 days of prior custody credit for the period of time from April 23, 2008, through June 17, 2008, while he was detained after his arrest in St. Louis before being released on bond.

## II. ISSUE PRESENTED

The current dispute between Munoz and the BOP centers on whether Munoz should receive pre-sentence custody credit under 18 U.S.C. § 3585(b) for the period of time from June 18, 2008, through September 23, 2009, when he was released on bond but required to maintain a residence at the community corrections center. Munoz claims that he should be awarded credit for his time spent on release at the community corrections center. The BOP argues that community corrections centers do not constitute "official detention" for the purpose of receiving sentencing credit under 18 U.S.C. § 3585(b).

# III. ANALYSIS

## A. Standard of Review

The essence of a petition for writ of habeas corpus under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a § 2241 petition attacks the manner in which a prisoner's sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus may only be filed in the district where the prisoner is incarcerated. *Id*.

Munoz filed his habeas petition pro se. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997); *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief.) Nevertheless, pro se litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

## B. Munoz is not entitled to pre-sentence service credit for the time served while released on bond as a resident of a community corrections center.

Munoz is not entitled to pre-sentence service credit for the time that he was released on bond because a defendant released on bail under restrictive conditions is not in official detention. He is

only entitled to receive credit "for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). Defendants released on bail and confined to a community treatment center, however, are not in "official detention"; therefore, Munoz is not entitled to a service credit. *Reno v. Koray*, 515 U.S. 50, 52 (1995).

Munoz was released on bond on June 17, 2008, with the condition that he maintain residence at a community corrections center. Declaration of Dennis Melick (hereafter Melick Decl.) at ¶ 5. Munoz remained released on bond until he surrendered to the BOP for commencement of his federal sentence on September 24, 2009. *Id.* at ¶ 8. On September 29, 2009, the BOP calculated Munoz's 108-month sentence and credited Munoz with 56 days of prior custody credit. *Id.* The BOP did not credit Munoz with the time spent released on bond when calculating his sentence. *Id.* at ¶ 11.

The BOP correctly calculated the amount of credit to be awarded against Munoz's sentence. The Supreme Court has held that a defendant is not entitled to credit for time spent released on bail, even when restrictive conditions were imposed on the defendant. *Koray*, 515 U.S. at 52, 62–63. This interpretation of 18 U.S.C. § 3585(b) is consistent with the BOP's Program Statement 5880.20. *See Koray*, 515 U.S. at 61 (noting that 5880.20 is a permissible construction of § 3585(b)). The distinction between a defendant that is committed to the custody of the Attorney General and a defendant that is released on bail is that a defendant in custody of the Attorney General is continuously subject to control by the BOP. *Koray*, 515 U.S. at 63. Munoz was released on bond—not under the control of the BOP—while a resident at the community corrections center.

Munoz argues that the Department of Justice superseded Program Statement 5880.2 and *Reno v. Koray* in an interpretive memo from the Department's Office of Legal Counsel in 2002. Petitioner's Memorandum at 2; *Goldings v. Winn*, 383 F.3d 17, 25 (1st Cir. 2004). Even if *Goldings* bound this Court, it would not apply to the instant case. In *Goldings*, the First Circuit considered

whether a prisoner may be placed in a community corrections center at the end of a term of imprisonment to facilitate reentry into the outside world. *Id* at 22–23. The court held that the community corrections center may be a place of imprisonment when the prisoner remains in the custody of the BOP. *Id* at 25. This decision is consistent with the Supreme Court's reasoning in *Koray* that official detention exists only when the defendant is in the custody of the Attorney General and remains continuously subject to control by the BOP. *Koray*, 515 U.S. at 63.

The BOP properly applied § 3585(b) in this case when calculating the pre-sentence service credit to be awarded against Munoz's federal sentence. Because Munoz is not entitled to the additional credit that he is seeking here, his application for writ of habeas corpus should be denied.

## IV. RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Rodolfo Ibarra Munoz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28

U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE